1

2

3

4

5

**GUTRIDE SAFIER LLP**
Seth A. Safier (State Bar No. 197427)
seth@gutridesafier.com
Anthony J. Patek (State Bar No. 228964)
anthony@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 639-9090
Facsimile:  (415) 449-6469

6

*Attorneys for Plaintiffs*

7

8

### UNITED STATES DISTRICT COURT FOR THE

9

### NORTHERN DISTRICT OF CALIFORNIA

10

11

12

13

IN RE SUBPOENA TO META PLATFORM, INC.,

IN CONNECTION WITH:

14

15

EVERETT BLOOM, an individual, on behalf of himself, the general public, and those similarly situated,

16

Plaintiff,

17

v.

18

ZUFFA, LLC,

19

Defendant.

Misc. Action No. _____

In connection with Case No.: 2:22-cv-00412-RFB-BNW (D. Nev.)

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL NON-PARTY PRODUCTION AND DEPOSITION BY META PLATFORM, INC. PURSUANT TO SUBPOENA AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: May 30, 2023
Time: TBD
Place: TBD

20

21

22

23

24

25

26

27

28

---

1

2

**TABLE OF CONTENTS**

I.    **INTRODUCTION**........................................................................................... **2**

II.   **BACKGROUND** ............................................................................................ **2**

III.  **ARGUMENT**.................................................................................................. **5**

       A.     **Plaintiff Exhausted Discovery from Defendant Zuffa**....................... **5**

       B.     **Meta Has Identified No Valid Basis for Refusing to Respond**.......................... **6**

           1.    **The *Suufi* Decision is Easily Distinguishable**.......................................... **7**

           2.    **The Discovery is Relevant to Both Merits and Class Certification**...... **8**

           3.    **The Protective Order Negates Any Privacy Objections**....................... **8**

IV.  **CONCLUSION** ............................................................................................. **9**

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLF'S MOT. COMPEL META RESPONSE TO SUBPOENA

1

## TABLE OF AUTHORITY

2

3

**Cases**

*Bloom v. Zuffa LLC*, No. 2:22-cv-00412-RFB-BNW (D. Nev. May 25, 2022) ............................ 7

*Gann v. Garcia*, 2022 U.S. Dist. LEXIS 13705 (E.D. Cal. Jan. 25, 2022)..................................... 5

*O'Shea v. Am. Solar Solution, Inc.*, 2016 U.S. Dist. LEXIS 23420 (S.D. Cal. Feb. 18, 2016) ...... 5

*Suufi v. MediaLab.AI*, No. 22-mc-80205-SVK (N.D. Cal. Sept. 20, 2022) .................................. 6

**Statutes**

Cal. Bus. & Prof. Code § 17200 ....................................................................................................... 3

Cal. Civ. Code § 1799.3................................................................................................................... 3

**Rules**

F. R. Civ. P. 34 and 45.................................................................................................................... 1

F. R. Civ. P. 45(d)(2)(B)(i) ............................................................................................................ 1

Fed. R. Civ. P. 26(b)(1)................................................................................................................... 4

Fed. R. Civ. Proc. 34(c) .................................................................................................................. 4

Fed. R. Civ. Prov. 45(a)-(b) ........................................................................................................... 4

**Regulations**

Video Privacy Protection Act, 18 U.S.C. § 2710........................................................................... 3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLF'S MOT. COMPEL META RESPONSE TO SUBPOENA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STATEMENT OF ISSUES TO BE DECIDED PER CIVIL L.R. 7-4(A)(3).

1.      Whether non-party Meta Platform, Inc. (d/b/a Facebook) should be required to produce Documents and deposition testimony responsive to Plaintiff's Subpoena of December 15, 2022.

PLF'S MOT. COMPEL META RESPONSE TO SUBPOENA

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

As allowed under both F. R. Civ. P. 34 and 45, Plaintiff hereby moves to compel non-party entity Meta Platform, Inc. ("Meta", d/b/a Facebook) to produce Documents and a deposition witness relating to the transfer of data—including URLS containing the titles of video recordings viewed or requested by Zuffa LLC's subscribers—to Facebook without the consent of those users, in violation of the Video Protection Privacy Act. Plaintiff has complied with F. R. Civ. P. 34 and 45. As an entity with its principal place of business in the city of Menlo Park, California, this Court also has both personal and subject matter jurisdiction over Meta and this Motion because it is the Court for the district where compliance is required as provided by F. R. Civ. P. 45(d)(2)(B)(i).

### II.    BACKGROUND

Plaintiff Everett Bloom has sued Defendant Zuffa LLC in the District of Nevada for violation of the federal Video Protection Privacy Act and related California privacy laws.  Decl. of Anthony J. Patek in Support of Miscellaneous Action and Motion to Compel Non-Party Production and Deposition by Meta Platform Inc. in Response to Subpoena ("Patek Declaration"), ¶ 3, Ex. 1. The alleged privacy violations stem from Zuffa's use of Facebook software tracking devices called pixels. *Id.* Meta owns and operates the Facebook web site and the relevant Facebook pixels. *Id.* Plaintiff's complaint alleges that, as a result of Zuffa LLC's use of a Facebook pixel (i.e., a tracking device offered by Facebook to its business clients) on Zuffa's web site, Meta receives personally identifiable information and other information about Defendant's consumers, including Plaintiff. *Id.* Plaintiff Bloom now seeks Meta's records of the data transmitted, as well as access to software code and deposition testimony from Facebook regarding how the Facebook pixel used by Zuffa works. *Id.*

Meta has in its possession, custody, and control records of Facebook pixel tracking of Page View events triggered when Zuffa users view recorded videos on Zuffa LLC's Fight Pass Website. Patek Decl., ¶ 4. Meta also has custody and control of the relevant software code, and

1    employs the people who designed and implemented that code, and are thus familiar with its

2    function. *Id.* Plaintiff has obtained evidence from Defendant Zuffa LLC that, each time a user

3    views a recorded video on Zuffa's Fight Pass website, they unknowingly trigger a Facebook

4    pixel Page View event that sends their personally-identifiable video viewing information from

5    their computer to Facebook. *Id.* The evidence within Meta's possession is thus highly probative

6    evidence of not only the merits of Plaintiff's case, but Plaintiff's ability to prove his claims on a

7    classwide basis.  *Id.*

8         Despite diligent attempts to obtain discovery from Zuffa, Plaintiff has been unable to

9    obtain records of the exact data sent to Facebook when users watched Zuffa videos on its web

10   site. Patek Decl., ¶ 5. Plaintiff served requests for production on Zuffa LLC nearly a year ago,

11   on May 15, 2023.  *Id.*, Ex. 2. These included multiple requests that would have covered records

12   of data transferred to Facebook when user's accessed videos.  In particular, RFP 27 asked for

13   "ALL DOCUMENTS RELATED to transmission of PLAINTIFF'S SUBSCRIBER DATA to

14   FACEBOOK in connection with PLAINTIFF'S use of the UFC FIGHT PASS or the FIGHT

15   PASS WEBSITE, INCLUDING records showing ANY transmission of: . . . (3) PLAINTIFF's

16   Facebook ID; [or] (4) the URL of the website hosting the videos requested or obtained by

17   PLAINTIFF . . . ." *Id*.  Zuffa responded to RFP 27 by stating that it had no responsive documents.

18   *Id.* Zuffa also failed to provide evidence of URL or video title information relayed to Facebook

19   in response to interrogatories. *Id*., Exs. 3 & 4.  Zuffa LLC's 30(b)(6) witness also testified that

20   Zuffa does not know what data its subscribers' computers send to Meta when use of Zuffa's web

21   site triggers the Facebook pixel, and that Zuffa does not know how the Facebook pixel tracks

22   user activity to support ad targeting.  Patek Decl.,  ¶ *5*.

23        Given Zuffa's statements that it has no records of the data transferred to Meta by Zuffa's

24   use of the Facebook pixel, nor knowledge of how the Facebook pixel functions, Plaintiff sought

25   to obtain the evidence from Meta, the recipient of the alleged unlawful data transfers and

26   designer of the relevant tracking pixel.  Patek Decl., ¶ 6. On December 15, 2022, Plaintiff, acting

27   by and through his attorneys, served on non-party entity Meta a subpoena to produce various

28   Documents (the "Subpoena") and a witness for deposition. *See* Patek Decl., Exhibit 5.

1    The Subpoena commands Meta to produce Documents relating to Plaintiff's allegations

2    that, *inter alia*, Defendant Zuffa, LLC wrongfully sends third-party entity Meta personally

3    identifiable information identifying videos rented and/or viewed by Zuffa's consumers in a

4    manner that discloses to third parties the video viewing history of Zuffa's customers, contrary to

5    the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), Cal. Civ. Code § 1799.3, the

6    California Constitution, and the California Unfair Competition Law, Cal. Bus. & Prof. Code

7    § 17200, *et. seq*. Patek Decl., ¶ 7, Exs. 5 & 5A. Specifically, the subpoena commands production

8    of Documents relating to (1) data Meta acquired about Plaintiff from either Defendant, (2)

9    Defendant's website ufcfightpass.com, or (3) Plaintiff's use of Defendant's video content

10   subscription service, UFC Fight Pass. *Id*. The subpoena also requests (4) Documents relating to

11   data Meta has obtained from Defendant, including data obtained from Defendant's website and

12   video content subscription service and Plaintiff's use of that service, and (5) any software code

13   responsible for producing that data. *Id*.

14   Meta provided a boilerplate form response to the Subpoena on December 22, 2022.  Patek

15   Decl., ¶ 8, Ex. 6. That form response indicated that Meta had received a subpoena, but would

16   not produce documents concerning account details and non-content information that users could

17   retrieve on their own.  *Id.* On February 2, 2023, Plaintiff sent an email response confirming

18   that the subpoena "seeks Account Details and Non-Content Information."  *Id*., Ex. 7.

19   Meta did not provide any individualized response to the subpoena until February 15,

20   2023, when outside counsel at Perkins Coie LLP contacted Plaintiff's counsel.  Patek Decl., ¶ 9,

21   Ex. 8. On February 23, 2021, Plaintiff Bloom met and conferred with Meta. *Id*., Ex. 9. At that

22   meet and confer Meta indicated that it would consider producing relevant records responsive to

23   category 4 (records of data relating to Plaintiff Bloom's use of the Fight Pass website transmitted

24   to Meta) if Plaintiff could identify the relevant pixels, Mr. Bloom's Facebook User ID, and a

25   pertinent data range.  Patek Decl., ¶ 9.  Plaintiff offered to limit its initial document requests to

26   records of the data transferred to Facebook by Zuffa's Facebook pixel(s) that involved Plaintiff

27   Bloom's Facebook User ID. *Id.* Plaintiff immediately provided Meta with the relevant Facebook

28   pixels and Mr. Bloom's Facebook User ID, as well as a date range corresponding to the proposed

1    class period (i.e., March 4, 2018 to present). *Id.*, Ex. 9.

2         Meta rejected Plaintiff's proposal. *Id.*, ¶ 10.  After a delay of nearly two more months,

3    Meta transferred the matter to new outside counsel at Jenner & Block. *Id.*, Ex. 10. Upon learning

4    this, Plaintiff met and conferred with Meta's new outside counsel, who informed him that they

5    would not even consider producing responsive information unless Bloom could prove that he

6    had exhausted efforts to obtain the relevant records from Zuffa. Patek Decl., ¶ 10.   Bloom

7    immediately provided Meta with copies of his discovery requests to Zuffa and Zuffa's responses

8    stating it had no responsive documents, as well as Plaintiff's interrogatories and the fact that

9    Zuffa's 30(b)(6) designee had confirmed Zuffa's lack of access to the requested information. *Id.,*

10   Ex. 11. Despite this evidence of exhaustion, Meta immediately asserted, without any analysis or

11   evidence, that Bloom could obtain all the records from Zuffa LLC, and stated point blank that

12   Meta would produce documents in response to the subpoena. *Id.*, Ex. 12.  Plaintiff responded

13   that Meta's assertion was baseless and that it would move to compel a response.  *Id.*, Ex. 13.

14   Meta did not respond in any way. *Id.*, ¶ 10.

15   **III.    ARGUMENT**

16        The Court should order Meta to produce documents and testimony responsive to the

17   Subpoena. The Subpoena complies with Fed. R. Civ. Prov. 45(a)-(b) and Fed. R. Civ. Proc. 34(c).

18   These are nonprivileged matters relevant to Plaintiff's claims and proportional to the needs of

19   the case, because Meta's possession of Plaintiff or consumer information received via Zuffa's

20   use of the Facebook pixel would tend to show Defendant was or is unlawfully causing personally

21   identifiable information about its users' video rentals to be sent to third-party Meta, which is the

22   substance of Plaintiff's allegations. Fed. R. Civ. P. 26(b)(1). Unless Zuffa LLC lied in its

23   responses to Plaintiff's discovery, this information is in Meta's sole possession and involves data

24   and Documents of which neither Plaintiff nor Defendant has custody and control.

25        **A.      Plaintiff Exhausted Discovery from Defendant Zuffa**

26        Plaintiff Bloom has exhausted discovery from Zuffa LLC with respect to the documents

27   and testimony requested.  Bloom served requests for production seeking this information from

28   Zuffa on May 15, 2022, which is roughly a year ago.  At least with respect to RFP 27, which

corresponds to the most important information Plaintiff seeks from Meta, Zuffa responded unequivocally that it had no responsive documents. See Patek Decl., Ex. 2 (response to RFP No. 27: "[F]ollowing a reasonably diligent search, Zuffa believes that no documents responsive to this Request exist in its possession, custody, or control"). Bloom also sought the information through interrogatories and 30(b)(6) deposition, to no avail. *Id.*, Exs. 3 & 4.

Meta has failed to identify any means by which Zuffa could obtain and produce the relevant documents. Specifically, when Plaintiff's counsel provided to Meta evidence of Plaintiff's efforts to obtain the relevant evidence from Zuffa, Plaintiff's counsel stated the following:

> [Plaintiff Bloom] of course cannot preclude the possibility that
> Zuffa is not being forthcoming [with records of data transferred to
> Meta via the Facebook pixel].  If you are aware of any records or
> interface (e.g., a Facebook pixel manager) that would contain the
> requested evidence and is within Zuffa's custody and control,
> please feel free to identify it.  In the meantime, I am forced to
> assume that Zuffa does not have access to the data requested.

Patek Decl., Ex. 11. Meta responded with its cursory assertion that Plaintiff had not exhausted discovery from Zuffa, but without identifying any means by which Zuffa could obtain the requested records. *Id.*, Ex. 12.

### B.      Meta Has Identified No Valid Basis for Refusing to Respond

Although Meta made boilerplate objections to the Subpoena via a form email, these objections are insufficient to support its refusal to respond. *See id.*, Ex. 6. Boilerplate objections that do not connect the objection to the factual basis for the objection are improper. *See, e.g., O'Shea v. Am. Solar Solution, Inc.*, 2016 U.S. Dist. LEXIS 23420 at \*6 (S.D. Cal. Feb. 18, 2016) (holding boilerplate objections are "the equivalent to not objecting at all"); *Gann v. Garcia*, 2022 U.S. Dist. LEXIS 13705 at \*4 (E.D. Cal. Jan. 25, 2022) (holding boilerplate objections are not sufficient response to a request for production). Plaintiff's counsel met and conferred with Meta on multiple occasions, but Meta has failed to provide any meaningful response.  Indeed, Meta offered the possibility of engaging in a "limited scope of discovery" following "21-days notice to the user of an affected account," but Meta has not provided any such notice to Plaintiff, and

1    Meta's counsel at Jenner & Block stated point blank they saw no need to responds to the

2    subpoena. *See* Patek Decl., Exs. 6 and 12.

3         Further, to the extent Meta may argue that responding to the requests would be unduly

4    burdensome, Plaintiff Bloom offered to narrow the document requests to a very discrete set of

5    records pertaining to data collected by Zuffa's registered Facebook pixel that also references

6    Plaintiff Bloom, further limited to the class period of March 4, 2018 to the present.  Meta rejected

7    that offer, thus proving that cost and burden are not its real concerns.  Further, given its failure

8    to identify specific costs and burdens, the Court should order Meta to produce documents and a

9    deposition witness responsive to the Subpoena.

10        In the meet and confer between Bloom and Meta prior to this motion to compel, Meta

11   provided three bases for refusing to respond to the subpoena. None of them withstand scrutiny.

12              **1.       The *Suufi* Decision is Easily Distinguishable**

13        The first was Meta's contention that Plaintiff had not yet exhausted discovery from

14   Plaintiff, in support of which it cited an order denying a motion to compel a subpoena response

15   in *Suufi v. MediaLab.AI*, No. 22-mc-80205-SVK (N.D. Cal. Sept. 20, 2022) (slip opinion) (Patek

16   Decl., Ex. 13); see also Patek Decl., Ex. 14 (transcript of hearing on *Suufi* Motion to Compel).

17   But Meta's reliance on the unreported decision in *Suufi* is misplaced.  As discussed above,

18   Plaintiff has attempted to obtain the records it seeks from Defendant Zuffa, but has been unable

19   to do so because Zuffa claims it has neither custody nor control of the information sought.  In

20   *Suufi*, the plaintiff had served its subpoena before it obtained any discovery from the defendant

21   in that case; here, Bloom subpoenaed Meta only after receiving discovery responses from Zuffa

22   claiming not to have the documents sought.  In *Suufi*, the plaintiff sought the party-defendant's

23   customer lists from Meta, which the defendant clearly had.  Here, Bloom seeks Meta's records

24   of data transmitted from consumer's computers to Facebook servers; there is no reason to believe

25   Zuffa would have these records. In *Suufi*, Meta had identified how defendant could access the

26   data requested (i.e., customer lists) without Meta having to produce it.  Here, in contrast, Plaintiff

27   asked Meta to identify a way Zuffa could access and produce the data directly, and Meta never

28   identified any. The same is true with respect to information about the Facebook pixel's function.

In short, this case is distinguishable from *Suufi* because the data sought here cannot be obtained from the defendant party, thus making third party discovery necessary.

### 2.    The Discovery is Relevant to Both Merits and Class Certification

Meta's second objection in the meet and confer was the baseless assertion that the Nevada district court had limited discovery to evidence supporting class certification. But the Nevada district court has not bifurcated discovery between merits and class certification. Rather, that court merely advised that "the parties should, as best as possible, prioritize discovery that is relevant to class certification issues while deferring discovery that would be relevant only in the event a class is successfully certified." *Bloom v. Zuffa LLC*, No. 2:22-cv-00412-RFB-BNW, Dkt. No. 32 (D. Nev. May 25, 2022).  The second, more pertinent shortcoming with Meta's objection is that the evidence Plaintiff Bloom seeks is highly relevant to class certification, because it demonstrates the existence of evidence (records in Meta's possession) that can be used on a classwide basis to identify those whose privacy rights were violated.

### 3.    The Protective Order Negates Any Privacy Objections

Meta's last objection was that producing evidence of data transfers would violate the privacy rights of Meta's users.  But Plaintiff offered to limit the initial production to only records of data transfers involving *Plaintiff's* viewing records, so the initial request simply does not implicate any other user's private information.  Further, there is a protective order in place, so any privacy objection is mitigate by the fact that the information would be produced to a limited group of attorneys under the protective order in the Nevada case.  More fundamentally, Meta's objection is perverse, in that hypocritically alleges *theoretical* violations of privacy in an attempt to cover up thousands of *actual* privacy breaches by Zuffa and Meta. Zuffa and Meta already violated the privacy of the affected consumers; Meta's histrionics over the possibility of privacy violations are crocodile tears from a company whose entire business model depends on collecting and analyzing the private behavior of its users.

Because Meta has offered neither a meaningful response nor raised any valid objection to either the Subpoena or any request for production despite being properly served a Subpoena requesting production consistent with both F. R. Civ. P. 34 and 45, an order to compel

1  production of the narrowed document requests (i.e., records of data transmissions involving

2  Zuffa's registered Facebook pixels and Plaintiff Bloom's Facebook User ID, dated from March

3  4, 2018 to present) and deposition testimony (regarding the function of the Facebook pixel

4  implemented by Zuffa and interpretation of the data in Meta's records) is proper, and the Court

5  should issue such an order consistent with the aforesaid rules.

6

## IV.    CONCLUSION

7

8          For all the reasons above, the Court should grant Plaintiff's motion to compel Meta's

   production of documents responsive to Plaintiff's Subpoena and to appear at deposition.

9

10

11

            Dated: April 25, 2023              **GUTRIDE SAFIER LLP**

12

                                               */s/Anthony J. Patek/s/*
13                                             Seth A. Safier (State Bar No. 197427)
                                               seth@gutridesafier.com
14                                             Marie A. McCrary (State Bar No. 262670)
                                               marie@gutridesafier.com
15                                             Anthony J. Patek (State Bar No. 228964)
                                               anthony@gutridesafier.com
16                                             100 Pine Street, Suite 1250
                                                San Francisco, CA 94111
17                                              Telephone: (415) 639-9090
                                                Facsimile: (415) 449-6469
18

19                                             *Attorneys for Plaintiffs*

20

21

22

23

24

25

26

27

28