# EXHIBIT 5A
# (Attachment A to Subpoena to Meta)

**MARKMAN LAW**
DAVID MARKMAN (Nevada Bar No. 12440)
  David@Markmanlawfirm.com
4484 S. Pecos Rd., Suite #130
Las Vegas, NV 89121
Telephone: (702) 843-5899
Facsimile:  (702) 843-6010

**GUTRIDE SAFIER LLP**
SETH A. SAFIER (admitted *pro hac vice*)
  seth@gutridesafier.com
MARIE A. MCCRARY (admitted *pro hac vice*)
  marie@gutridesafier.com
ANTHONY J. PATEK (admitted *pro hac vice*)
  anthony@gutridesafier.com
HAYLEY REYNOLDS (admitted *pro hac vice*)
  hayley@gutridesafier.com
KALI BACKER (admitted *pro hac vice*)
  kali@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 336-6545
Facsimile:  (415) 449-6469

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EVERETT BLOOM, an individual, on behalf of himself, the general public, and those similarly situated,<br><br>                     Plaintiff,<br><br>     v.<br><br>ZUFFA, LLC,<br><br>                     Defendant. | CASE NO. 2:22-cv-00412-RFB-BNW<br><br>**EXHIBIT A TO PLAINTIFF'S SUBPOENA ON FACEBOOK** |

# EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

The definitions below are incorporated into each Request for Production. YOU are directed to respond to each Request for Production of documents as if the definitions were set forth therein.

1. "AND/OR" or "and/or" shall be construed conjunctively or disjunctively, whichever makes the request more inclusive.

2. The terms "ANY," "any," "ALL," "all," "EACH" and "each" shall each mean and include the other and shall be read in the conjunctive and not in the disjunctive wherever they appear, and none of these words shall be interpreted to limit the scope of a request. Furthermore, the use of a verb in any tense shall be construed as the use of the verb in all other tenses and the singular form shall be deemed to include the plural, and vice-versa.

3. The term "CLASS PERIOD" means March 4, 2018 through the present.

4. The term "COMMUNICATION" or "COMMUNICATIONS" shall mean, without limitation, ANY transmittal, conveyance or exchange of a word, statement, fact, thing, idea, DOCUMENT, instruction, information, demand, question or other information by ANY medium, whether by written, oral or other means, INCLUDING but not limited to letters, electronic COMMUNICATIONS and electronic mail.

5. The term "DATA TRANSFER" or "DATA TRANSFERS" refers to files or messages created by YOU or on YOUR behalf to communicate SUBSCRIBER DATA to ANY third party or instrumentality thereof, including without limitation computer servers and other instrumentalities controlled by FACEBOOK.

6. The terms "DOCUMENT" or "DOCUMENTS" shall have the meaning set forth in Federal Rule of Civil Procedure 34(a). DOCUMENT shall be interpreted in the broadest sense, and shall include ESI, ALL original DOCUMENTS, or a true copy thereof, together with each and every DRAFT and non-identical copy thereof (whether by reason of revisions, notations made thereon, or otherwise). As used herein the term document also includes ANY DOCUMENT, which did exist, but as of the date of response and production has been destroyed,

lost, misplaced, or is otherwise unavailable. For ANY such DOCUMENT, the response must to the extent possible IDENTIFY the DOCUMENT by date, subject matter, author, addressee, and persons to whom the DOCUMENT was distributed; must state whether the DOCUMENT was lost, destroyed, or misplaced; and must state the name and address of the person who last had custody of or knowledge of the existence of the DOCUMENT.

7. The terms "DRAFT" or "DRAFTS" shall mean any work in process, preliminary version, redlined DOCUMENT, or any final version of a DOCUMENT that was later replaced or updated.

8. The terms "ELECTRONICALLY STORED INFORMATION" or "ESI" shall mean shall mean all electronically-stored information and shall include, without limitation, all writings, drawings, graphs, charts, photographs, sound recordings, images, power point presentations, electronic mail INCLUDING electronic DOCUMENTS attached thereto, entries in social media or blogs, internal system-wide platform communications such as internal blogs, intranets, Slack, instant messaging and bulletin boards, voicemail recordings or transcripts, and other data or data compilations stored as an "active" file or files (readily readable by one or more computer applications or forensic software) in any medium from which information can be obtained, INCLUDING, without limitation, local or remote servers, the cloud, computers' hard drives, peripheral storage devices (disks and backup tapes), thumbdrives, laptops, cellphones, smart phones and other handheld computing devices. ESI also includes any "deleted" files on said media, and any electronic file fragments (files that have been deleted and partially overwritten with new data).

9. Any ESI, electronic records or computerized information must be produced in an intelligible format, together with a description of the system from which they were derived sufficient to permit rendering the records and information intelligible. PLAINTIFF requests that all ESI be produced in their native electronic format together with all metadata and other information associated with each DOCUMENT in its native electronic format on CD-ROM disks, through a cloud service, or through other mutually agreeable method. Further, PLAINTIFF requests that all ESI be produced in the manner as set forth in any ESI Order entered by the Court

or, in the absence of such order, as allowed under the Local Rules of District of Nevada. For ESI that exists only in proprietary software or in a format that is not readable by a personal computer using commercially available software, PLAINTIFF requests that DEFENDANT IDENTIFY the specific information, the software at issue and possible alternative electronic formats in which the information could be produced such that the parties can meet and confer respecting how best to produce the specific information at issue. In producing responsive emails, DEFENDANT shall produce such emails without alteration of any kind; threads, attachments, and metadata associated with emails in particular should not be modified, deleted, or altered in any respect.

10. The term "FACEBOOK" refers to Meta Platforms, Inc., formerly known as Facebook, Inc., including its officers, directors, trustees, agents, employees, staff members, and paid consultants; ANY predecessor, successor, parent, subsidiary, or division.

11. The term "FACEBOOK CODE" means ANY software code that can transmit SUBSCRIBER DATA to FACEBOOK.

12. "FIGHT PASS WEBSITE" means ALL webpages on the UFC FIGHT PASS website, including web pages hosting video content.

13. The terms "INCLUDE," "INCLUDES," and "INCLUDING" shall include by reference without limitation.

14. The term "PLAINTIFF" means Everett Bloom, AND/OR ANY other Plaintiff who joins and/or intervenes in THIS ACTION in the future.

15. The terms "REGARDING," "RELATES," "RELATE," "RELATED TO" and "RELATING TO" mean concerning, mentioning, indicating, disclosing, discussing, regarding, constituting, analyzing, serving as a basis for, relying upon, supporting, describing, referring or in ANY other way bearing upon or illuminating the subject matter into which inquiry is made.

16. The term "THIS ACTION" means the above-captioned lawsuit, *Everett Bloom v. Zuffa, LLC*, Case No. 2:22-cv-00412-RFB-BNW (Nev.).

17. The term "UFC FIGHT PASS" refers to subscription video service marketed, operated, and sold by YOU under the name "UFC Fight Pass," including the website at

www.ufcfightpass.com, described in the Complaint (Dkt. #1) in THIS ACTION.

18. "YOU", "YOUR", and "FACEBOOK" means Meta, Inc., operating under the name Facebook, its officers, directors, trustees, agents, employees, staff members, and paid consultants; ANY predecessor, successor, parent, subsidiary, division or affiliate; and ANY PERSON acting on behalf of ANY of the aforementioned.

19. "ZUFFA" means Zuffa, LLC, its officers, directors, trustees, agents, employees, staff members, and paid consultants; ANY predecessor, successor, parent, subsidiary, division or affiliate; and ANY PERSON acting on behalf of ANY of the aforementioned.

## REQUESTS FOR PRODUCTION

1. ALL data in YOUR possession regarding PLAINTIFF in THIS ACTION, including data acquired by YOU from ZUFFA, from PLAINTIFF, or from PLAINTIFF'S use of UFC FIGHT PASS OR the FIGHT PASS WEBSITE.

2. ALL DOCUMENTS and COMMUNICATIONS RELATING TO DATA received by YOU RELATED TO ZUFFA, UFC FIGHT PASS, OR the FIGHT PASS WEBSITE, INCLUDING DOCUMENTS showing ANY FACEBOOK CODE responsible for DATA YOU received RELATED TO ZUFFA, UFC FIGHT PASS, OR the FIGHT PASS WEBSITE.

3. ALL data acquired by YOU from ZUFFA, from PLAINTIFF, or from PLAINTIFF'S use of UFC FIGHT PASS OR the FIGHT PASS WEBSITE regarding Facebook users.

4. ALL data in YOUR possession RELATING TO UFC FIGHT PASS OR its users, including ANY data received by YOU via ANY FACEBOOK CODE or other software code that involved a URL RELATED TO ZUFFA, UFC FIGHT PASS, OR the FIGHT PASS WEBSITE.

5. ALL DOCUMENTS and data regarding YOUR usage of the data acquired from ZUFFA, from PLAINTIFF, or from PLAINTIFF'S use of UFC FIGHT PASS OR the FIGHT PASS WEBSITE, INCLUDING for targeted advertising.

Dated: December 15, 2022

**GUTRIDE SAFIER LLP**

*s/ Anthony J. Patek*
ANTHONY J. PATEK (admitted *pro hac vice*)
  anthony@gutridesafier.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 336-6545
Facsimile:  (415) 449-6469

*Attorneys for Plaintiff*

**PROOF OF SERVICE**

I, Anthony J. Patek, declare:

My business address is 100 Pine Street, Suite 1250, San Francisco, California 94111. I am over the age of 18 years and not a party to the within cause.

On December __, 2022, I served the following documents:

**NOTICE OF DEPOSITIONS**

on the following person(s) in this action by placing a true copy thereof as follows:

[x]  BY E-MAIL. I caused said documents to be transmitted via email to:

Colby Williams:     jcw@cwlawlv.com
Ali Rabbani:        arabbani@wsgr.com
Stephanie Balitzer: sbalitzer@wsgr.com
Susan Leader:       sleader@wsgr.com
Victor Jih:         vjih@wsgr.com

[ ]  BY MAIL. I caused said documents to be sent via mail to:

J. Colby Williams
CAMPBELL & WILLIAMS
710 South Seventh Street, Suite A
Las Vegas, NV 89101

Victor Jih
Susan K. Leader
Ali Rabbani
Stephanie V. Balitzer
WILSON SONSINI GOODRICH & ROSATI
633 West Fifth Avenue, Suite 1550
Los Angeles, CA 90071-2027

I declare under penalty of perjury that the foregoing is true and correct and that this document was executed on December __, 2022.

*/s/ Anthony J. Patek/*
ANTHONY J. PATEK (admitted *pro hac vice*)
anthony@gutridesafier.com